TEL:317 2267695          P.**E-FILED**
Monday, 07 March, 2005 11:44:09 AM
Clerk, U.S. District Court, ILCD

# United States District Court

**FILED**

____SOUTHERN____ DISTRICT OF ____INDIANA____   MAR   7 2005

UNITED STATES OF AMERICA
V.
CHEVADAS MCKINNEY

CDIL  05- 6408 U.S. CLERK'S OFFICE
**WARRANT FOR ARREST** ROCK ISLAND, ILLINOIS

CASE NUMBER:  EV 04-/9 CR-03-Y/H

To:   The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest ____CHEVADAS MCKINNEY____ and bring
him or her forthwith to the nearest magistrate to answer a(n)

X_ Indictment _ Information _ Complaint _ Order of Court _ Violation Notice _ Probation Violation Petition

charging him or her with (brief description of offense)

conspiracy to distribute and distribution in excess of 50 grams of cocaine base, in excess of 5 kilograms of cocaine,
in excess of 100 grams of heroin and marijuana.

in violation of Title _21_ United States Code, Section(s) 841(a)(1),(b)(1)(A)(iii), (b)(1)(A)(ii)(II), (b)(1)(B)(i),
(b)(1)(C), and 846

| | |
|---|---|
| LAURA A. BRIGGS | CLERK, UNITED STATES DISTRICT COURT |
| Name of Issuing Officer | Title of Issuing Officer |
| | July   , 2004  Evansville |
| Signature of Issuing Officer | Date and Location |
| | by |
| (By) Deputy Clerk | Name of Judicial Officer |

Bail fixed at $ _____

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

$C \cdot J'' \_ 14 \; PM \; 2:03$

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. EV 04- /9 -CR-Y/H |
| | ) | |
| VICTOR GOODWIN, | ) | -01 |
| aka "Block," "Skeezy," | ) | |
| LEO BROWN, JR., | ) | -02 |
| CHEVADAS MCKINNEY, | ) | -03 |
| aka "Pooh Man," | ) | |
| ANTHONY GOODWIN, | ) | -04 |
| aka "Chafel," "Raymond Goodwin," | ) | |
| GARY HARRIS, | ) | -05 |
| aka "Reginald Stewart," "Rilla," | ) | |
| CHARLES CHAPLIN, | ) | -06 |
| aka "Tholley," | ) | |
| ROSALYN MCKINNEY, | ) | -07 |
| aka "Hard Rock," "Roxy," "Roz," | ) | |
| ANTWAN COLEMAN, | ) | -08 |
| aka "Twan," | ) | |
| SEDRICK HANCOCK, | ) | -09 |
| MICHAEL HARDIMAN, | ) | -10 |
| aka "Scone," "Squirrel," | ) | |
| RODNEY DIGBY, | ) | -11 |
| DANTE MACLIN, | ) | -12 |
| aka "Pun," | ) | |
| BERTIS PAUL HARDIMAN, | ) | -13 |
| aka "B.P.," "Black Power," | ) | |
| TIMOTHY DOERR, | ) | -14 |
| HEATHER BUCKLEY, | ) | -15 |
| ERIC STRIFLER, | ) | -16 |
| JERMAL PHILLIPS, | ) | -17 |
| aka "11," | ) | |
| EMANUEL CABELL, | ) | -18 |
| aka "Fresh," | ) | |
| ERIC MCKINNEY, | ) | -19 |
| aka "64," | ) | |
| ALVIN BUCKLEY, | ) | -20 |
| aka "Buck," | ) | |
| SHARON HARDIMAN, | ) | -21 |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that:

Beginning on a date unknown to the Grand Jury, but at least as early as July 2003, and continuing up to and through June 2004, in the Southern District of Indiana, Evansville Division, and elsewhere, VICTOR GOODWIN, aka "Block," "Skeezy," LEO BROWN, JR. (hereinafter "BROWN"), CHEVADAS MCKINNEY, aka "Pooh Man," ANTHONY GOODWIN, aka "Chafel," "Raymond Goodwin," GARY HARRIS, aka "Reginald Stewart," "Rilla" (hereinafter "HARRIS"), CHARLES CHAPLIN, aka "Tholley" (hereinafter "CHAPLIN"), ROSALYN MCKINNEY, aka "Hard Rock," "Roxy," "Roz," ANTWAN COLEMAN, aka "Twan" (hereinafter "COLEMAN"), SEDRICK HANCOCK (hereinafter "HANCOCK"), MICHAEL HARDIMAN, aka "Scone," "Squirrel," RODNEY DIGBY (hereinafter "DIGBY"), DANTE MACLIN, aka "Pun" (Hereinafter "MACLIN"), BERTIS PAUL HARDIMAN, aka "B.P.," "Black Power," TIMOTHY DOERR (hereinafter "DOERR"), HEATHER BUCKLEY, ERIC STRIFLER (hereinafter "STRIFLER"), JERMAL PHILLIPS, aka "11" (hereinafter "PHILLIPS"), EMANUEL CABELL, aka "Fresh" (hereinafter "CABELL"), ERIC MCKINNEY, aka "64," ALVIN BUCKLEY, aka "Buck," and SHARON HARDIMAN, defendants, did knowingly conspire together and with diverse other persons, known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute in excess of 50 grams of a substance containing cocaine base, a Schedule II Narcotic Controlled Substance, in excess of 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Controlled Substance, in excess of 100 grams of a mixture or substance containing a detectable amount of heroin, a Schedule II Narcotic Controlled Substance and

-2-

marijuana, a Schedule I Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(iii), (b)(1)(A)(ii)(II), (b)(1)(B)(i) and (b)(1)(C).

## MANNER AND MEANS

1.    During the course of the charged conspiracy, VICTOR GOODWIN and MICHAEL HARDIMAN acted as organizers and leaders of a cocaine base, cocaine, heroin and marijuana distribution organization operating in Vanderburgh and Gibson Counties, Indiana, in the Chicago, Illinois, area, in Western Kentucky, and elsewhere.

2.    VICTOR GOODWIN, a resident of Evansville, Indiana, and formerly a resident of the Chicago, Illinois, area, procured quantities of cocaine base, cocaine, heroin and marijuana from sources unknown to the Grand Jury, in the Chicago, Illinois, area, for distribution in Southern Indiana.    VICTOR GOODWIN returned a portion of the proceeds from the sale of the cocaine base, cocaine, heroin and marijuana to the sources in the Chicago area.

3.    VICTOR GOODWIN distributed quantities of cocaine base, cocaine and marijuana to various individuals in the Evansville, Indiana, area. These individuals included MICHAEL HARDIMAN, CHEVADAS MCKINNEY, ANTHONY GOODWIN, HARRIS, CHAPLIN, COLEMAN, HANCOCK, CABELL and ERIC MCKINNEY, all residents of Evansville, Indiana, and others known and unknown to the Grand Jury. MICHAEL HARDIMAN, CHEVADAS MCKINNEY, ANTHONY GOODWIN, HARRIS, CHAPLIN, COLEMAN, HANCOCK, CABELL and ERIC MCKINNEY returned a portion of the proceeds from their sale of the cocaine base, cocaine and marijuana to Goodwin. CHEVADAS MCKINNEY, ANTHONY GOODWIN, HARRIS, CHAPLIN and ROSALYN MCKINNEY

-3-

aided and assisted VICTOR GOODWIN in the receipt, storage, distribution and receipt of payment from the distribution-of-the cocaine base, cocaine and marijuana.

4.    BROWN, a resident of the Chicago, Illinois, area, procured quantities of cocaine base, cocaine and marijuana from sources unknown to the Grand Jury, in the Chicago, Illinois, area, for distribution in Southern Indiana. BROWN distributed quantities of cocaine base, cocaine and marijuana to MICHAEL HARDIMAN. BROWN also aided and assisted MICHAEL HARDIMAN in the storage, distribution and receipt of payment from the distribution of cocaine base, cocaine, heroin and marijuana in the Evansville and Princeton, Indiana, areas.

5.    CHEVADAS MCKINNEY, ANTHONY GOODWIN, HARRIS, CHAPLIN, COLEMAN, HANCOCK, CABELL and ERIC MCKINNEY distributed quantities of cocaine base, cocaine and marijuana to individuals known and unknown to the Grand Jury in the Evansville area and elsewhere. The individuals returned a portion of the proceeds from their sale of the cocaine base, cocaine and marijuana to CHEVADAS MCKINNEY, ANTHONY GOODWIN, HARRIS, CHAPLIN, COLEMAN and HANCOCK. ERIC MCKINNEY aided and assisted CABELL in the receipt, storage, distribution and receipt of payment from the distribution of the cocaine base, cocaine and marijuana.

6.    VICTOR GOODWIN distributed quantities of heroin to individuals known and unknown to the Grand Jury in the Evansville and Princeton areas and elsewhere. These individuals included ROSALYN MCKINNEY, MICHAEL HARDIMAN and others known and unknown to the Grand Jury. ROSALYN MCKINNEY and MICHAEL HARDIMAN returned a portion of the proceeds from their sale of heroin to VICTOR GOODWIN. ROSALYN

-4-

MCKINNEY aided and assisted VICTOR GOODWIN in the receipt, storage, distribution and receipt of payment from the distribution of heroin.

7.      MICHAEL HARDIMAN distributed quantities of cocaine base, cocaine, heroin and marijuana to various individuals in Evansville and Princeton, Indiana areas, and Kentucky. Individuals receiving quantities of cocaine base, cocaine and marijuana from MICHAEL HARDIMAN included DIGBY, MACLIN, BERTIS PAUL HARDIMAN, DOERR, HEATHER BUCKLEY, ALVIN BUCKLEY, SHARON HARDIMAN, all residents of Princeton, Indiana, PHILLIPS, a resident of Evansville, STRIFLER, a resident of Greenville, Kentucky, and others known and unknown to the Grand Jury. Individuals receiving heroin from MICHAEL HARDIMAN included BERTIS PAUL HARDIMAN, ALVIN BUCKLEY and SHARON HARDIMAN. DIGBY, MACLIN, BERTIS PAUL HARDIMAN, DOERR, HEATHER BUCKLEY, PHILLIPS, ALVIN BUCKLEY, SHARON HARDIMAN and STRIFLER returned a portion of the proceeds from their sale of the cocaine base, cocaine, heroin and marijuana to MICHAEL HARDIMAN.

8.      BERTIS PAUL HARDIMAN distributed quantities of cocaine base, cocaine and marijuana to individuals known and unknown to the Grand Jury. The individuals returned a portion of the proceeds from their sale of the cocaine base, cocaine, heroin and marijuana to BERTIS PAUL HARDIMAN.

9.      The defendants used telephones to facilitate the cocaine base, cocaine, heroin and marijuana trafficking operations outlined above. During the course of the conspiracy, the defendants spoke on telephones, at times using code language, to discuss matters relative to their trafficking operations.

-5-

10.      The defendants used motor vehicles, including rental vehicles, to transport cocaine base, cocaine, heroin, marijuana and United States currency constituting the proceeds of the sale of cocaine base, cocaine, heroin and marijuana from, between and within the Chicago, Illinois, area, the Evansville and Princeton areas and Western Kentucky.

11.      Defendants VICTOR GOODWIN, HARRIS, BERTIS PAUL HARDIMAN and STRIFLER possessed firearms and ammunition in connection with their trafficking activities.

12.      Various residences and properties were used by the defendants to store cocaine base, cocaine, heroin, marijuana and United States currency generated from the sale and distribution of cocaine base, cocaine, heroin and marijuana, and from which to distribute and receive payment for cocaine base, cocaine, heroin and marijuana during the course of the conspiracy. Among the locations used were properties located at: (1) 715 Bayard Park, Evansville, Indiana; (2) 624 Bayard Park, Evansville, Indiana; (3) 1700 South Elliott Street, Apartment A, Evansville, Indiana; (4) 121 East Pine Street, Princeton, Indiana; (5) 1669 Gilbert, Evansville, Indiana; (6) 861 Bellemeade, Evansville, Indiana; (7) 1010 West Delaware Street, Evansville, Indiana; (8) 405 East Pine Street, Princeton, Indiana; (9) 1134 South Grand, Evansville, Indiana; (10) 118 East Water Street, Princeton, Indiana; (11) 461 Warnock, Princeton, Indiana; and (12) 1025 Adams, Evansville, Indiana.

## OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the defendants did commit, among others, the following overt acts:

1.      On or about July 2, 2003, BERTIS PAUL HARDIMAN distributed a quantity of cocaine base to an individual known to the Grand Jury from a residence located at 405 East Pine

-6-

Street, Princeton, Indiana. BERTIS PAUL HARDIMAN provided the individual with the cocaine base in exchange for one hundred dollars United States currency.

2. On or about July 16, 2003, an individual known to the Grand Jury distributed a quantity of cocaine base received from BERTIS PAUL HARDIMAN to an individual known to the Grand Jury from the residence located at 405 East Pine Street. The first individual provided the cocaine base to the second individual in exchange for one hundred dollars United States currency.

3. On or about September 17, 2003, HEATHER BUCKLEY distributed a quantity of cocaine base to an individual known to the Grand Jury, from a residence located at 118 Water Street, Princeton, Indiana. Buckley provided the individual with the cocaine base in exchange for three hundred dollars United States currency

4. On or about November 22, 2003, COLEMAN and HANCOCK possessed in a residence located at 1700 South Elliott, Apartment A, Evansville, Indiana, a quantity of cocaine base and a quantity of marijuana, which they intended to distribute to other persons known and unknown to the Grand Jury. COLEMAN and HANCOCK also possessed in the residence at 1700 South Elliott, Apartment A, United States currency, cocaine base packaging materials, scales and cellular telephones.

5. On or about February 3, 2004, VICTOR GOODWIN, assisted by ANTHONY GOODWIN, CHAPLIN and HARRIS, distributed a quantity of cocaine base to an individual known to the Grand Jury. The transaction took place at a residence located at 715 Bayard Park. The individual contacted VICTOR GOODWIN and HARRIS by telephone seeking to purchase a quantity of cocaine base. VICTOR GOODWIN directed the individual to come to the residence at 715 Bayard Park, where the individual was admitted into the residence by CHAPLIN. Inside

-7-

the residence, ANTHONY GOODWIN provided the individual with a plastic bag containing a quantity of cocaine base, in return for two hundred fifty dollars United States cujrrency.

6.    On or about February 10, 2004, VICTOR GOODWIN, assisted by HARRIS, distributed a quantity of powder cocaine to an individual known to the Grand Jury. The transaction took place at the residence located at 715 Bayard Park. The individual contacted VICTOR GOODWIN and HARRIS at the residence. HARRIS admitted the individual into the residence, where the individual was provided a quantity of cocaine by VICTOR GOODWIN in return for five hundred dollars United States currency. VICTOR GOODWIN provided the cocaine to the individual with the understanding that the cocaine would be manufactured into cocaine base.

7.    On or about February 23, 2004, VICTOR GOODWIN distributed a quantity of cocaine base to an individual known to the Grand Jury. The transaction took place at the residence located at 715 Bayard Park. The individual contacted VICTOR GOODWIN at the residence, and was provided with the quantity of cocaine base. Prior to the transaction, VICTOR GOODWIN manufactured the cocaine base from a quantity of cocaine. During the transaction, HARRIS was present at the residence in possession of a handgun. In return for the cocaine base, the individual provided VICTOR GOODWIN with one thousand dollars United States currency.

8.    On or about February 24, 2004, DIGBY and MACLIN distributed a quantity of cocaine base to an individual known to the Grand Jury. The transaction took place at a residence located at 121 East Pine Street, Princeton, Indiana. Prior to the transaction, the individual contacted DIGBY by telephone seeking to purchase the cocaine base. DIGBY directed the individual to MACLIN for the purchase. At the residence at 121 East Pine Street, the individual

-8-

was contacted by MACLIN, who provided the individual with a quantity of cocaine base. MACLIN in return received two-hundred twenty dollars United States currency from the individual, which constituted one hundred fifty dollars payment to MACLIN for the cocaine base purchased and seventy dollars payment to DIGBY for a quantity of cocaine base "fronted" to the individual by DIGBY on a previous occasion.

9. On or about February 27, 2004, VICTOR GOODWIN distributed a quantity of cocaine base to an individual known to the Grand Jury. The transaction took place at the residence located at 715 Bayard Park. The individual contacted VICTOR GOODWIN by telephone seeking to purchase a quantity of cocaine base. VICTOR GOODWIN directed the individual to come to the residence at 715 Bayard Park. The individual contacted VICTOR GOODWIN at the residence and was provided with the quantity of cocaine base. Prior to the transaction, VICTOR GOODWIN manufactured the cocaine base from a quantity of cocaine. The individual provided VICTOR GOODWIN with one thousand dollars United States currency in return for the cocaine base.

10. On or about March 9, 2004, COLEMAN and HANCOCK possessed in a residence located at 1669 Gilbert, Evansville, Indiana, a quantity of cocaine base and a quantity of marijuana which they intended to distribute to other persons known and unknown to the Grand Jury.

11. On or about March 11, 2004, VICTOR GOODWIN, assisted by ANTHONY GOODWIN and HARRIS, distributed a quantity of cocaine base to an individual known to the Grand Jury. The transaction took place at the residence located at 715 Bayard Park. The individual contacted VICTOR GOODWIN by telephone seeking to purchase a quantity of cocaine base. VICTOR GOODWIN directed the individual to come to the residence at 715

-9-

Bayard Park. At the residence, the individual was contacted by ANTHONY GOODWIN and VICTOR GOODWIN and was provided with the quantity of cocaine base. Prior to the transaction, VICTOR GOODWIN manufactured the cocaine base from a quantity of cocaine. The individual provided VICTOR GOODWIN with one thousand nine hundred dollars United States currency in return for the cocaine base.

12.     On or about March 23, 2004, VICTOR GOODWIN, assisted by HARRIS, distributed a quantity of cocaine base to an individual known to the Grand Jury. The transaction took place at the residence located at 715 Bayard Park. The individual contacted VICTOR GOODWIN by telephone seeking to purchase a quantity of cocaine base. VICTOR GOODWIN directed the individual to come to the residence at 715 Bayard Park. At the residence, the individual was contacted by HARRIS and, at the direction of VICTOR GOODWIN, was provided with the quantity of cocaine base. The individual provided HARRIS with one thousand nine hundred dollars United States currency in return for the cocaine base.

13.     On or about April 1, 2004, VICTOR GOODWIN distributed a quantity of cocaine base and a quantity of cocaine to an individual known to the Grand Jury. The transaction took place at the residence located at 715 Bayard Park. The individual contacted VICTOR GOODWIN by telephone seeking to purchase a quantity of cocaine base. VICTOR GOODWIN directed the individual to come to the residence at 715 Bayard Park. At the residence, the individual was contacted by VICTOR GOODWIN and was provided with the quantity of cocaine base and a quantity of cocaine. Prior to the transaction, VICTOR GOODWIN manufactured a portion of the cocaine into cocaine base. The individual provided VICTOR GOODWIN with three thousand dollars United States currency in return for the cocaine base and cocaine.

-10-

14.     On or about April 8, 2004, PHILLIPS distributed a quantity of cocaine base to an individual known to the Grand Jury. The transaction was arranged during a telephone call between the individual and PHILLIPS, and took place at a residence located at 1025 Adams, Evansville, Indiana. PHILLIPS provided the individual with the quantity of cocaine base in exchange for four hundred fifty dollars United States currency.

15.     On or about April 14, 2004, CABELL and ERIC MCKINNEY distributed a quantity of cocaine to an individual known to the Grand Jury. The transaction took place at a residence located at 624 Bayard Park, Evansville, Indiana. The individual contacted CABELL by telephone seeking to purchase a quantity of cocaine. Thereafter, CABELL and ERIC MCKINNEY distributed to the individual a quantity of cocaine in return for one thousand dollars United States currency.

16.     On or about April 16, 2004, MICHAEL HARDIMAN distributed a quantity of cocaine base to an individual known to the Grand Jury. The transaction took place on Powell Avenue near Bayard Park, in Evansville. The individual contacted MICHAEL HARDIMAN by telephone seeking to purchase a quantity of cocaine base. MICHAEL HARDIMAN directed the individual to meet in Bayard Park. At the meeting location, the individual was contacted by MICHAEL HARDIMAN and was provided with the quantity of cocaine base. The individual provided MICHAEL HARDIMAN with one thousand dollars United States currency in return for the cocaine base.

17.     On or about April 30, 2004, MICHAEL HARDIMAN and DIGBY had a telephone conversation concerning the distribution of cocaine, wherein DIGBY and MICHAEL HARDIMAN arranged the delivery of a quantity of cocaine to DIGBY by MICHAEL HARDIMAN the following day.

-11-

18.     On or about May 1, 2004, BROWN and MICHAEL HARDIMAN had a telephone conversation concerning the distribution of cocaine, wherein BROWN and MICHAEL HARDIMAN discussed BROWN's distribution of cocaine from Chicago to MICHAEL HARDIMAN in Evansville.

19.     On or about May 3 and 4, 2004, DOERR and MICHAEL HARDIMAN had telephone conversations concerning the distribution of cocaine base, wherein DOERR and MICHAEL HARDIMAN arranged to meet for delivery of quantities of cocaine base to DOERR by MICHAEL HARDIMAN.

20.     On or about May 5, 2004, HEATHER BUCKLEY and MICHAEL HARDIMAN had a telephone conversation concerning the distribution of cocaine base, wherein HEATHER BUCKLEY arranged to meet with MICHAEL HARDIMAN for the purchase of a quantity of cocaine base.

21.     On or about May 9 and 11, 2004, STRIFLER and MICHAEL HARDIMAN had telephone conversations concerning the distribution of cocaine, wherein STRIFLER and MICHAEL HARDIMAN arranged the sale of cocaine to STRIFLER by MICHAEL HARDIMAN. STRIFLER and MICHAEL HARDIMAN also discussed STRIFLER's sale of a stolen handgun to MICHAEL HARDIMAN.

22.     On or about May 17, 2004, STRIFLER possessed a quantity of cocaine in Henderon, Kentucky, which he received from MICHAEL HARDIMAN in Evansville, and which he intended to distribute to other individuals unknown to the Grand Jury in the Greenville, Kentucky, area. STRIFLER also possessed a stolen handgun in connection with his possession of the cocaine.

23.    On or about May 11, 2004, MICHAEL HARDIMAN and DOERR had a telephone conversation concerning the distribution of cocaine, wherein MICHAEL HARDIMAN discussed the sale of a quantity of cocaine to DOERR.

24.    On or about May 12, 2004, VICTOR GOODWIN, HARRIS and CHAPLIN possessed a quantity of cocaine at the residence located at 715 Bayard Park. VICTOR GOODWIN, HARRIS and CHAPLIN manufactured the quantity of cocaine into cocaine base.

25.    On or about May 12, 2004, MICHAEL HARDIMAN and HEATHER BUCKLEY had a telephone conversation concerning the distribution of cocaine base, wherein HEATHER BUCKLEY discussed with MICHAEL HARDIMAN a delivery of cocaine base to her residence in Princeton.

26.    On or about May 12, 2004, MICHAEL HARDIMAN and BERTIS PAUL HARDIMAN arranged for the distribution of a quantity of cocaine by MICHAEL HARDIMAN to BERTIS PAUL HARDIMAN. MICHAEL HARDIMAN and BERTIS PAUL HARDIMAN arranged the transaction during a telephone conversation. BERTIS PAUL HARDIMAN directed two individuals known to the Grand Jury to travel from Princeton, Indiana, to a residence located at 861 Bellemeade, Evansville, Indiana, in order to receive the cocaine from MICHAEL HARDIMAN and bring the cocaine back to Princeton. Prior to delivering the cocaine to the two individuals, MICHAEL HARDIMAN traveled to the residence located at 715 Bayard Park, and obtained the quantity of cocaine from VICTOR GOODWIN.

27.    On or about May 14, 2004, MICHAEL HARDIMAN distributed a quantity of marijuana to an individual known to the Grand Jury. The transaction occurred at MICHAEL HARDIMAN's residence, located at 861 Bellemeade.

28.     On or about May 17, 2004, BROWN and MICHAEL HARDIMAN had a
telephone conversation concerning the distribution of controlled substances, wherein MICHAEL
HARDIMAN arranged for BROWN to conduct a distribution of a controlled substance to
another individual unknown to the Grand Jury.

29.     On or about May 28, 2004, MICHAEL HARDIMAN arranged for the purchase
of a quantity of heroin from ROSALYN MCKINNEY. MICHAEL HARDIMAN and
ROSALYN MCKINNEY arranged the transaction during several telephone conversations. The
transaction took place at the residence located at 715 Bayard Park. MICHAEL HARDIMAN
provided ROSALYN MCKINNEY with one thousand five hundred dollars United States
currency in return for the quantity of heroin.

30.     On or about May 28, 2004, BERTIS PAUL HARDIMAN and SHARON
HARDIMAN arranged for the purchase of a quantity of Heroin from MICHAEL HARDIMAN.
BERTIS PAUL HARDIMAN, SHARON HARDIMAN and MICHAEL HARDIMAN arranged
the transaction during several telephone conversations. The transaction took place at the
residence of MICHAEL HARDIMAN, located at 861 Bellemeade. MICHAEL HARDIMAN
provided BERTIS PAUL HARDIMAN and SHARON HARDIMAN with the quantity of heroin
previously received from ROSALYN MCKINNEY earlier the same day.

31.     On or about June 1, 2004, MICHAEL HARDIMAN and BROWN had a
telephone conversation concerning the distribution of controlled substances, wherein BROWN
and MICHAEL HARDIMAN discussed the delivery of a quantity of controlled substances to
MICHAEL HARDIMAN by BROWN.

32.     On or about June 4, 2004, MICHAEL HARDIMAN had a telephone
conversation with an individual unknown to the Grand Jury concerning the distribution of

-14-

cocaine base, wherein the individual offered to trade MICHAEL HARDIMAN food stamps for a quantity of cocaine base.

33.     On or about June 4, 2004, CHEVADAS MCKINNEY possessed a quantity of cocaine at his residence located at 1010 West Delaware, Evansville, Indiana, a portion of which he manufactured into cocaine base, and which he intended to distribute to other individuals known and unknown to the Grand Jury.

34.     On or about June 4, 2004, MICHAEL HARDIMAN and PHILLIPS had a telephone conversation concerning the distribution of cocaine base, wherein PHILLIPS discussed with MICHAEL HARDIMAN the distribution of a quantity of cocaine base to PHILLIPS by MICHAEL HARDIMAN.

35.     On or about June 6, 2004, MICHAEL HARDIMAN and VICTOR GOODWIN had a telephone conversation concerning the distribution of controlled substances, wherein MICHAEL HARDIMAN asked VICTOR GOODWIN about the date of distribution and price for a quantity of controlled substances.

36.     On or about June 7, 2004, BERTIS PAUL HARDIMAN, ALVIN BUCKLEY and MICHAEL HARDIMAN had a telephone conversation concerning the distribution of heroin, wherein BERTIS PAUL HARDIMAN, ALVIN BUCKLEY and MICHAEL HARDIMAN discussed the receipt of a quantity of heroin from Chicago and the process for mixing the heroin with a cutting agent.

37.     On or about June 7, 2004, BERTIS PAUL HARDIMAN possessed at his residence located at 405 East Pine Street, Princeton, Indiana, quantities of cocaine and marijuana which he intended to distribute to other persons known and unknown to the Grand Jury. BERTIS PAUL HARDIMAN also possessed scales, firearm ammunition and United States

-15-

currency in connection with his possession of the cocaine and marijuana. On the same date and at the same residence, an individual known to the Grand Jury possessed a quantity of cocaine which the individual received from BERTIS PAUL HARDIMAN and which the individual intended to distribute to other persons unknown to the Grand Jury.

38.     On or about June 8, 2004, VICTOR GOODWIN arranged for the sale of a quantity of cocaine base and a quantity of cocaine to MICHAEL HARDIMAN. MICHAEL HARDIMAN and VICTOR GOODWIN arranged the transaction during several telephone conversations. The transaction took place at the residence located at 715 Bayard Park. Later that day, MICHAEL HARDIMAN possessed the quantity of cocaine and the quantity of cocaine base, which he intended to distribute to other persons known to the Grand Jury.

39.     On or about June 8, 2004, VICTOR GOODWIN, HARRIS, CHAPLIN, ROSALYN MCKINNEY and ANTHONY GOODWIN possessed a quantity of cocaine base, a quantity of heroin, a quantity of marijuana, scales, heroin cutting agent, firearms ammunition and magazines at the residence located at 715 Bayard Park.

40.     On or about June 8, 2004, VICTOR GOODWIN possessed a Norinco Mak 90 assault rifle, a Mossberg pistol grip 12 gauge shotgun and a digital scale at a residence located at 1134 South Grand, Evansville, Indiana.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The Grand Jury further charges that:

On or about July 2, 2003, within the Southern District of Indiana, Evansville Division, BERTIS PAUL HARDIMAN, defendant, did knowingly distribute cocaine base, a Schedule II

-16-

Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THREE

The Grand Jury further charges that:

On or about September 17, 2003, within the Southern District of Indiana, Evansville Division, HEATHER BUCKLEY, defendant, did knowingly distribute cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FOUR

The Grand Jury further charges that:

On or about November 22, 2003, within the Southern District of Indiana, Evansville Division, ANTWAN COLEMAN and SEDRICK HANCOCK, defendants, did knowingly possess with the intent to distribute in excess of five grams (5g) of a mixture or substance containing cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii).

## COUNT FIVE

The Grand Jury further charges that:

On or about February 3, 2004, within the Southern District of Indiana, Evansville Division, VICTOR GOODWIN and ANTHONY GOODWIN, defendants, did knowingly distribute in excess of five grams (5g) of a mixture or substance containing cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii).

## COUNT SIX

The Grand Jury further-charges that:

On or about February 10, 2004, within the Southern District of Indiana, Evansville Division, VICTOR GOODWIN, defendant, did knowingly distribute in excess of five grams (5g) of a mixture or substance containing cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii).

## COUNT SEVEN

The Grand Jury further charges that:

On or about February 23, 2004, within the Southern District of Indiana, Evansville Division, VICTOR GOODWIN, defendant, did knowingly distribute in excess of five grams (5g) of a mixture or substance containing cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii).

## COUNT EIGHT

The Grand Jury further charges that:

On or about February 24, 2004, within the Southern District of Indiana, Evansville Division, DANTE MACLIN and RODNEY DIGBY, defendants, did knowingly distribute cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT NINE

The Grand Jury further charges that:

On or about February 27, 2004, within the Southern District of Indiana, Evansville Division, VICTOR GOODWIN, defendant, did knowingly distribute in excess of five grams

-18-

(5g) of a mixture or substance containing cocaine base, a Schedule II Narcotic Controlled

Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii).

## COUNT TEN

The Grand Jury further charges that:

On or about March 9, 2004, within the Southern District of Indiana, Evansville

Division, ANTWAN COLEMAN and SEDRICK HANCOCK, defendants, did knowingly

possess with the intent to distribute cocaine base and cocaine, Schedule II Narcotic Controlled

Substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT ELEVEN

The Grand Jury further charges that:

On or about March 11, 2004, within the Southern District of Indiana, Evansville

Division, VICTOR GOODWIN, defendant, did knowingly distribute in excess of fifty grams

(50g) of a mixture or substance containing cocaine base, a Schedule II Narcotic Controlled

Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(iii).

## COUNT TWELVE

The Grand Jury further charges that:

On or about March 23, 2004, within the Southern District of Indiana, Evansville

Division, VICTOR GOODWIN and GARY HARRIS, defendants, did knowingly distribute in

excess of five grams (5g) of a mixture or substance containing cocaine base and cocaine,

Schedule II Narcotic Controlled Substances, in violation of Title 21, United States Code,

Section 841(a)(1), (b)(1)(B)(iii) and (b)(1)(C).

-9-

## COUNT THIRTEEN

"The Grand Jury further charges that:

On or about April 1, 2004, within the Southern District of Indiana, Evansville Division, VICTOR GOODWIN, defendant, did knowingly distribute in excess of fifty grams (50g) of a mixture or substance containing cocaine base and cocaine, Schedule II Narcotic Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(iii) and (b)(1)(C).

## COUNT FOURTEEN

The Grand Jury further charges that:

On or about April 8, 2004, within the Southern District of Indiana, Evansville Division, JERMAL PHILLIPS, defendant, did knowingly distribute in excess of five grams (5g) of a mixture or substance containing cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii).

## COUNT FIFTEEN

The Grand Jury further charges that:

On or about April 14, 2004, within the Southern District of Indiana, Evansville Division, EMANUEL CABELL and ERIC MCKINNEY, defendants, did knowingly distribute cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841 (a)(1) and (b)(1)(C).

## COUNT SIXTEEN

The Grand Jury further charges that

On or about April 16, 2004, within the Southern District of Indiana, Evansville Division, MICHAEL HARDIMAN, defendant, did knowingly distribute in excess of five grams (5g) of a mixture or substance containing cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii).

## COUNT SEVENTEEN

The Grand Jury further charges that

On or about May 1, 2004, within the Southern District of Indiana, Evansville Division, LEO BROWN, JR., defendant, did knowingly and intentionally use a communication facility, that is a telephone, with the intent to commit or facilitate the commission of the offenses of distribution of cocaine and cocaine base, Schedule II Narcotic Controlled Substances, in violation of Title 21, United States Code, Section 843(b).

## COUNT EIGHTEEN

The Grand Jury further charges that

On or about May 3 and 4, 2004, within the Southern District of Indiana, Evansville Division, TIMOTHY DOERR, defendant, did knowingly and intentionally use a communication facility, that is a telephone, with the intent to commit or facilitate the commission of the offense of distribution of cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 843(b).

-22-

## COUNT NINETEEN

The Grand Jury further charges that:

On or about May 9 and 11, 2004, within the Southern District of Indiana, Evansville Division, ERIC STRIFLER, defendant, did knowingly and intentionally use a communication facility, that is a telephone, with the intent to commit or facilitate the commission of the offense of distribution of cocaine, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY

The Grand Jury further charges that:

On or about May 12, 2004, within the Southern District of Indiana, Evansville Division, HEATHER BUCKLEY, defendant, did knowingly and intentionally use a communication facility, that is a telephone, with the intent to commit or facilitate the commission of the offense of distribution of cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-ONE

The Grand Jury further charges that:

On or about May 14, 2004, within the Southern District of Indiana, Evansville Division, MICHAEL HARDIMAN, defendant, did knowingly distribute marijuana, a Schedule I Non-Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

-22-

## COUNT TWENTY-TWO

The Grand Jury further charges that:

On or about June 4, 2004, within the Southern District of Indiana, Evansville Division, JERMAL PHILLIPS, defendant, did knowingly and intentionally use a communication facility, that is a telephone, with the intent to commit or facilitate the commission of the offense of distribution of cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 843(b).

## COUNT TWENTY-THREE

The Grand Jury further charges that:

On or about June 7, 2003, within the Southern District of Indiana, Evansville Division, BERTIS PAUL HARDIMAN, defendant, did knowingly possess with the intent to distribute in excess of five grams (5g) of a mixture or substance containing cocaine base, a Schedule II Narcotic Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)(iii).

## COUNT TWENTY-FOUR

The Grand Jury further charges that:

On or about June 8, 2004, within the Southern District of Indiana, Evansville Division, MICHAEL HARDIMAN, defendant, did knowingly possess with the intent to distribute in excess of five grams (5g) of a mixture or substance containing cocaine base and cocaine, Schedule II Narcotic Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(iii) and (b)(1)(C).

-23-

## COUNT TWENTY-FIVE

The Grand Jury further charges that:

On or about June 8, 2004, within the Southern District of Indiana, Evansville Division, VICTOR GOODWIN, ANTHONY GOODWIN and ROSALYN MCKINNEY, defendants, did knowingly possess with the intent to distribute in excess of fifty grams (50g) of a mixture or substance containing cocaine base, cocaine and heroin, Schedule II Narcotic Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(iii) and (b)(1)(C).

## FORFEITURE

1.      The allegations in Counts One through Twenty-Five of this indictment are realleged as if fully set forth here, for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853, and Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c).

2.      If convicted of any of the offenses set forth in Counts One through Twenty-Five, VICTOR GOODWIN, LEO BROWN, JR., CHEMADAS MCKINNEY, ANTHONY GOODWIN, GARY HARRIS, CHARLES CHAPLIN, ROSALYN MCKINNEY, ANTWAN COLEMAN, SEDRICK HANCOCK, MICHAEL HARDIMAN, RODNEY DIGBY, DANTE MACLIN, BERTIS PAUL HARDIMAN, TIMOTHY DOERR, HEATHER BUCKLEY, ERIC STRIFLER, JERMAL PHILLIPS, EMANUEL CABELL and ERIC MCKINNEY, ALVIN BUCKLEY and SHARON HARDIMAN, defendants shall forfeit to the United States any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of any of the offenses set forth in the indictment of which they are convicted, and any and all property used or intended to be used in any manner or part to commit

-25-

and to facilitate the commission of the offenses set forth in the indictment of which they are convicted. ...

3.      Pursuant to Title 21, United States Code, Section 853(p), the court shall order the forfeiture of any other property of the defendants, up to the value of any property described in paragraph 2, if, by any act or omission of the defendants, the property described in paragraph 2, or any portion thereof:

     a.      cannot be located upon the exercise of due diligence;
     b.      has been transferred or sold to, or deposited with, a third party;
     c.      has been placed beyond the jurisdiction of the court;
     d.      has been substantially diminished in value; or
     e.      has been commingled with other property which cannot be divided
         without difficulty.

In keeping with the foregoing, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of all forfeitable property as described above in Paragraph 2.

4.      If convicted of any of the offenses set forth in the indictment, VICTOR GOODWIN, LEO BROWN, JR., CHEVADAS MCKINNEY, ANTHONY GOODWIN, GARY HARRIS, CHARLES CHAPLIN, ROSALYN MCKINNEY, ANTWAN COLEMAN, SEDRICK HANCOCK, MICHAEL HARDIMAN, RODNEY DIGBY, DANTE MACLIN, BERTIS PAUL HARDIMAN, TIMOTHY DOERR, HEATHER BUCKLEY, ERIC STRIFLER, JERMAL PHILLIPS, EMANUEL CABELL and ERIC MCKINNEY, ALVIN BUCKLEY and SHARON HARDIMAN, defendants, shall also forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any

firearm or ammunition involved in or used in any of the offenses set forth in the indictment of

which they are convicted.

A TRUE BILL:

S/Foreperson

FOREPERSON

SUSAN W. BROOKS
United States Attorney

By:     S/Matthew Brookman

Matthew P. Brookman
Assistant United States Attorney

-26-